# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 23, 2012

No. 11-50116
Summary Calendar

Lyle W. Cayce
Clerk

NARENDRA N. PATEL,

Plaintiff - Appellant

v.

TEXAS DEPARTMENT OF TRANSPORTATION,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CV-00242-SS

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Narendra N. Patel ("Patel"), appearing *pro se*, appeals the district court's grant of summary judgment in favor of the Texas Department of Transportation ("TxDOT") on his Title VII racial discrimination and retaliation claims. Because the district court properly found that Patel failed to establish a prima facie case for his claims, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Patel worked as an engineer for TxDOT from June 1996 until his termination on April 23, 2009. He started as a Transportation Engineer and was promoted to the TxDOT Design Division in May 2000.

Patel, who is of Asian descent, Indian national origin, and has an admittedly "very strong Indian accent," claims he was subject to discriminatory treatment beginning in 2003 when he was not given an annual pay increase. After raising the issue with upper management, the issue was resolved and Patel received a merit raise in 2004.

Beginning in late 2005, Patel claims his "employment status began to change dramatically." While he had previously received annual performance evaluations that indicated his work was good and met TxDOT's standards, Patel began to receive a series of evaluations that reflected an overall performance rating of "Needs Improvement" or "Unacceptable," eventually leading to his termination in 2009. Patel claims these evaluations were the result of a conspiracy between his three supervisors, Tom Beeman, Larry Halterman, and Mark Marek, who displayed racism and favoritism and purposely attempted to make Patel's work environment miserable. He claims the series of below-standard performance reviews and 90-day improvement plans that he received from Beeman and Halterman between 2006 and 2009 were unjustified and fabricated. Many of the negative performance reviews identified issues with Patel's communications skills, including: using inappropriate language, failing to follow proper chain of command, making repeated calls and sending email messages to various people in the district other than designated project contact individuals, and causing confusion and additional work by not following proper communication protocols.

Patel filed complaints with the Civil Rights Division of TxDOT in 2006 and 2008 complaining of discrimination evidenced by the negative evaluations given

2

by Beeman and Halterman. Patel also complained that other employees were treated differently, noting that Beeman and Halterman stopped by other employees' cubicles more often than his, and generally claimed that other non-Indian coworkers at the same grade level were treated differently. An investigation by TxDOT human resources after the 2008 complaint found that there was no evidence to support Patel's assertions that Beeman disliked him, that there was no ongoing conflict between them, and that neither Beeman or Halterman had threatened Patel or acted unprofessionally towards him. The investigation also found that Patel's claims that Beeman and Halterman lied on his evaluations and that they treated other engineers more favorably were either not supported or were inconclusive.

In February 2009, Patel was put on probation after his division received a complaint about Patel's unprofessional conduct and poor customer service skills. Patel disputes this explanation for his probationary status and claims he was placed on probation in retaliation for his 2008 complaint. The written probation disciplinary form required Patel to respect the proper communications channels in the chain of command and abide by the instructions regarding proper contact persons given by his lead engineer and supervisor. He was also warned that failure to improve would result in additional discipline, including termination. Patel was subsequently counseled by his supervisors twice in March 2009 and again in early April 2009 before being terminated on April 23, 2009. The termination was the result of a complaint emailed by an individual in a different TxDOT office, alleging that Patel scolded the sender for copying Halterman on a project-related email and for making unreasonable requests for the completion of changes in the project documentation. Beeman consulted with TxDOT's human resources personnel prior to terminating Patel. Following the termination, Patel's position went unfilled until at least October 2010.

After he was terminated, Patel filed a discrimination charge with the EEOC and the Texas Workforce Commission and was issued a right-to-sue letter. Patel then filed concurrent suits in Texas state court and the federal district court. The district court denied a motion to stay the proceedings pending the outcome of the state court proceedings and TxDOT filed a motion for summary judgment. Finding that Patel failed to present a prima facie case of discrimination or retaliation, the court granted summary judgment to TxDOT on all claims.

Patel appeals, arguing, without support, that the evidence supplied by TxDOT to the district court in support of its summary judgment motion was fabricated by Beeman, Halterman, and Marek. Patel also maintains that the negative performance evaluations were only created to build a paper trail intended to cover up discriminatory and retaliatory actions.

"We review the district court's grant of summary judgment *de novo*." *Fahim v. Marriot Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Id.* In determining whether a genuine issue as to any material fact exists, we view the evidence in the light most favorable to the nonmoving party. *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007).

For the following reasons, we affirm the district court's grant of summary judgment.

1. To make out a prima facie case of discrimination, Patel must show that he: (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was treated less favorably than other similarly

situated employees outside the protected group. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007); *see also Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 343–44 (5th Cir. 2005). While Patel can arguably show that he meets the first three elements, he failed to present evidence that he was treated less favorably than similarly situated employees. As noted by the district court, Patel failed to identify any non-Indian employee whom he considered similarly situated and who received more favorable treatment under circumstances nearly identical to his. *See Keelan*, 407 F.3d at 345 ("To establish a prima facie case in this manner, [Patel] must show that [non-Indian] employees were treated differently under circumstances 'nearly identical' to his.") (*quoting Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995)). In fact, Patel had a long history of disciplinary issues and negative evaluations that set him apart from many, if not most or all, of his coworkers. Accordingly, Patel has not made out a prima facie case and his discrimination claim lacks merit.

2.  To establish a prima facie case of retaliation, Patel must establish that: (1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action. *McCoy*, 492 F.3d at 556–57. Patel has failed to show any causal connection between his protected activity—the filing of a grievance in November 2008—with his termination in April 2009. While Patel claims he has demonstrated a causal connection through TxDOT's failure to give him merit raises and the negative reviews he received after filing the grievance, this argument is based on a selective view of the

5

record confined to the November to April time frame.  When viewed as a whole, the record shows that Patel had received a number of negative performance reviews beginning as far back as 2005, well before Patel filed his grievance.  Given this history and without additional evidence, there is nothing in the record to construe his termination as a form of retaliation.  Therefore, the district court's grant of summary judgment on Patel's retaliation claim was correct.

AFFIRMED.